Edgar F. Hazleton, S.
An appeal has been taken from the order entered upon the court’s decision in this matter (Matter of Anonymous, 12 Misc 2d 781). In settling the record on appeal, the following problem has arisen: During the hearing, the attorney for the appellant objected to certain testimony. The court, at that time being in doubt, reserved decision upon the objection and proceeded to receive the evidence. Then the attorney for the appellant moved to exclude the testimony, upon which motion this court also reserved decision. However, in its decision, after having had time to inform itself anent the law, it wrote that the evidence should have been excluded and granted appellant’s motion to exclude same; and that in arriving at its decision, the excluded testimony had not been considered. (Matter of Anonymous, supra, pp. 782-783.)
Now the attorney for appellant urges that the excluded testimony should not be allowed to remain in the record on appeal. The respondent does not agree. I believe that an appellate court should have before it every word that was spoken at the trial. In an appeal upon the facts from a decision of a Surrogate’s Court, the appellate court has the same power to decide questions of fact which the Surrogate had, and in its discretion, has the power to consider the entire proceeding de novo and even receive further testimony. (Surrogate’s Ct. Act, § 309.) Therefore, an appellate court, in the interests of the true administration of justice, should always have the entire trial record before it, and never should anything be deleted or a record edited or revised.
The request of the appellant is denied and the case on appeal shall be settled so as to include all that was said and done upon the trial.
Proceed accordingly.